UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BELA S. DENES, M.D., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case number 4:02CV0107 TCM |
| THE NORRIS INJURY LAWYERS, P.C., and ROBERT NORRIS, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This diversity action is before the Court on the opposed motion of plaintiff, Bela S. Denes, M.D., to remand his case to the state court from which it was removed and on the motion of defendants, The Norris Injury Lawyers, P.C., and Robert Norris, requesting oral argument on the motion to remand. [Docs. 8, 11]

### Background

Plaintiff, a Missouri resident and a board certified urologist, filed his action in the Circuit Court of St. Louis County, State of Missouri, against an Alabama corporation and an Alabama resident who practices law in that state. Plaintiff seeks actual and punitive damages. As grounds for such, Plaintiff alleges that he has a national reputation for his skills as a surgeon and practices throughout the St. Louis metropolitan area. (Compl. ¶ 1.) Defendants aired the following advertisement on network television stations in that area:

> Attention Women
> Did you have bladder surgery between March 1997 and January 1999?
> You may have received a synthetic vaginal sling which was later recalled.
> Dr. Bela Denes is one doctor who implanted these devices in female patients.

> If you've suffered complications after receiving a ProteGen Vaginal Sling from Dr. Denes or any other doctor
> Call Norris Injury Lawyers
> Find out if you have a case
> 1-800-233-3874

(Id. ¶ 10.) The advertisement began airing on November 19, 2001, and stopped airing late in the afternoon of the next day. (Id. ¶¶ 10, 16.)

Plaintiff alleges that this advertisement caused him "extreme emotional distress including shock and humiliation"; damage to his reputation; loss of income caused by Plaintiff having to close his office and cancel surgeries in an attempt to mitigate damages; loss of future business; and loss of income from testifying as an expert witness in products liability actions. (Id. ¶¶ 18, 21, 22.) Plaintiff seeks "such actual and punitive damages as are fair and reasonable" for Defendants' allegedly defamatory conduct, see Mo.Rev.Stat. § 509.040(2), and "such further relief as the Court deems proper." (Id. at 6.)

It is undisputed that there is diversity of citizenship. See 28 U.S.C. § 1332(a)(1). The dispute is whether the amount in controversy exceeds the sum of $75,000.00. See 28 U.S.C. § 1332(a).

## Discussion

Defendants assert in their notice of removal that "based on the allegations and claims for damages made by Dr. Denes in the Petition, it is facially apparent that the damages sought by Dr. Denes exceed the jurisdictional minimum[.]" (Notice ¶ 9.) Defendants further assert that they have met their burden of proving by "preponderance of the evidence that the amount in controversy . . . exceeds the jurisdictional minimum," citing **State of Missouri v. Western Surety Co.**, 51 F.3d 170, 73 (8th Cir. 1995). (Id. ¶ 13.)

It is well established that "[t]he burden of establishing that federal jurisdiction exists 'rests upon the part asserting jurisdiction.'" **Midland Psychiatric Assoc., Inc. v. United States**, 145 F.3d 1000, 1003 (8th Cir. 1998) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  If federal jurisdiction is invoked pursuant to the removal statute, 28 U.S.C. § 1441, any doubts about the propriety of that removal are to be resolved in favor of remand.  **Transit Cas. Co. v. Certain Underwriters at Lloyd's of London**, 119 F.3d 619, 625 (8th Cir. 1997); **In re Business Men's Assurance Co. of America**, 992 F.2d 181, 183 (8th Cir.1993) (per curiam).  Moreover, the amount in controversy requirement is to be strictly construed, "as its underlying purpose is to limit the federal courts' diversity caseload."  **Gramc v. Millar Elevator Co./Schindler Enters.**, 3 F.Supp.2d 1082, 1083-84 (E.D. Mo. 1998).[1]

The parties vigorously dispute the standard to be applied when determining whether a removed action satisfies the jurisdictional amount.[2]

---

[1] The Court notes that a plaintiff's refusal to stipulate that the amount in controversy does not exceed $75,000.00 will not defeat a remand.  **Gramc**, 3 F.Supp.2d at 1084.

[2] Defendants argue that a "preponderance of the evidence" standard applies, citing **Western Surety Co.**, 51 F.3d at 173.  The case at issue in Western Surety was originally filed in federal court.  Without discussion of the appropriate standard to be used when assessing the jurisdictional amount in question, the Eighth Circuit Court of Appeals held that "the party invoking federal jurisdiction must prove the requisite amount by a *preponderance of the evidence*."  **Id.** (emphasis added)  The year before, however, the Court had before it another diversity case originally filed in federal court and held, without discussion of the applicable standard, that "[g]enerally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a *legal certainty* that the claim is really for less than the jurisdictional amount.'"  **Larkin v. Brown**, 41 F.3d 387, 388 (8th Cir. 1994) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)) (alteration in original; emphasis added).  The issue before this Court is, however, the standard to be applied in removal cases.  Neither Eighth Circuit Court of Appeals case is determinative of this issue.

> Courts have employed numerous different standards to assess the adequacy of a defendant's showing that the amount in controversy requirement is satisfied. One standard requires the defendant to show to "a legal certainty" that the amount in controversy actually exceeds $75,000. Another standard found in some opinions, including a number of recent ones, demands that the defendant prove "by a preponderance of evidence" that the amount involved in the litigation exceeds the statutory jurisdictional threshold. A third standard requires the defendant to show "some reasonable probability" that the damages will exceed $75,000. The most lenient burden, which could be called the inverted St. Paul Mercury Indem. Co. v. Red Cab Co. legal-certainty test, and therefore the one most parallel to that used in original jurisdiction cases, requires the defendant merely to show that it does *not* appear to a legal certainty that the amount in controversy falls below the applicable jurisdictional amount. Finally, some federal courts look at the facts of the case and make a decision on the question whether the jurisdictional amount has been satisfied without annunciating any particular standard at all.

14C Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure (3d), § 3725 at 89-93 (1998).

The preponderance of evidence standard requires "proof that the jurisdictional amount was 'more likely than not' met, rather than a 'could well' or 'possibility' standard." **McCorkindale v. American Home Assurance Co.**, 909 F.Supp. 646, 653 (N.D. Iowa 1995) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995)). The legal certainty standard carries with it a higher burden. **Burns v. Windsor Ins. Co.**, 31 F.3d 1092, 1095-96 n.6 (11th Cir. 1994). The Eighth Circuit Court of Appeals has not reached the issue of which standard is properly employed in a removal case in which the jurisdictional amount is not pled. See **McClure v. Raymond Corp.**, 174 F.Supp.2d 982, 985 n.1 (E.D. Mo. 2001); **Commercial Coverage, Inc. v. Paradigm Ins. Co.**, 998 F.Supp. 1088, 1091 (E.D. Mo. 1998); **Gilmer v. Walt Disney Co.**, 915 F.Supp. 1001, 1006 (W.D. Ark. 1996); **McCorkindale**, 909 F.Supp. at 652. Consequently, the district courts in the Circuit have

been divided in their analysis of which legal standard to apply. See **Gramc**, 3 F.Supp.2d at 1084 (E.D. Mo. 1998) (legal certainty); **Gilmer**, 915 F.Supp. at 106 (preponderance of evidence); **McCorkindale**, 909 F.Supp. at 653 (preponderance of evidence); **Central Associated Carriers, Inc. v. Nickelberry**, 995 F.Supp. 1031, 1034 (W.D. Mo. 1998) (legal certainty); **Corlew v. Denny's Restaurant, Inc.**, 983 F. Supp. 878, 879 (E.D. Mo. 1997) (legal certainty). Cases from this District have sometimes analyzed the jurisdictional amount issue under both standards. See **McClure**, 174 F.Supp.2d at 985 n.1; **Commercial Coverage, Inc.**, 998 F. Supp. at 1091.

Because the Court finds, for the reasons set forth below, that remand is appropriate under either standard it declines to reach the issue of which should apply.

Loss of income, loss of future income, damage to reputation, and emotional distress are all recoverable in defamation litigation. These damages and punitive damages are included in the amount in controversy. **Larkin**, 41 F.3d at 388 ("Indeed, when determining the amount in controversy, a claim for punitive damages is given close scrutiny, and a trial judge accorded greater discretion than a claim for actual damages." (interim quotation omitted)). Although Plaintiff does not, in compliance with state law, plead the specific amount sought in damages, Plaintiff does allege that he was forced to close his office, resulting in a loss of income; forced to cancel surgeries, also resulting in a loss of income; and pressured to refrain from providing expert testimony in products liability cases filed by Defendants. Plaintiff fails, however, to include any specific allegations that would hint at the amount of damages sustained, i.e., how many days his office was closed, how many surgeries

were cancelled, or how many cases he refrained from giving expert testimony in. The only specific allegation is that he "spent two days" seeking a cease and desist order to stop the advertisement. Given this lack of specificity, any conclusion by this Court as to the jurisdictional amount really at issue would be speculative. "[S]uch speculation hardly meets the standard of 'legal certainty' or 'preponderance of the evidence'" standard. **Commercial Coverage, Inc.**, 998 F.Supp. at 1092.

When confronted with a petition for damages that does not on its face confer federal jurisdiction, courts have looked beyond the pleadings and have either accepted or ordered the filing of affidavits and other items of evidence from the parties that attempt to establish or defeat the required jurisdictional amount. See, e.g., **McCorkindale**, 909 F.Supp. at 656-57 (citing Allen, 63 F.3d at 1335). Defendants have submitted copies of correspondence with Plaintiff's counsel (Defs. Exs. A and Am. Ex. B); an affidavit and study from the Libel Defense Resource Center about damage amounts in defamation and privacy cases (Defs. Ex. C); an article on health care costs (Defs. Ex. D); Plaintiff's hourly rate for testifying (Defs. Ex. E); and Plaintiff's counsel's demand letter in which no monetary demand was made (Defs. Ex. F). Defendants also cite several cases listing damages awarded on similar claims. See, e.g, **Rockwood Bank v. Gaia**, 170 F.3d 833, 836-37 (8th Cir. 1999) (verdict of $200,000 in actual damages and $75,000 in punitive awarded by jury to demoted bank vice-president who was not hired by another bank as promised because of, inter alia, defamatory statements by his employer); **Lundell Mfg. v. American Broadcasting Co.**, 98 F.3d 351, 354-55 (8th Cir. 1996) (verdict of $900,000 in actual damages for injury to reputation and $158,000 for lost

profits awarded by jury to plaintiff that manufactured garbage recycling machine described as non-working in an ABC news program); **Gibson v. Hummel**, 688 S.W.2d 4, 5, 6-7 (Mo.Ct.App. 1985) (reversing award by jury of $125,000 in actual damages for emotional distress and $430,000 in punitive damages to convenience store employee who was (i) terminated after she was required to take a polygraph test in which she "went in and out of consciousness during the test and was involuntarily tapping her foot and breathing deeply" and became claustrophobic, and (ii) diagnosed as having a major mental disorder because of the test). These cited cases support a premise not in issue – there is a possibility that a jury could award Plaintiff more than $75,000 on his claims for actual and punitive damages.

In sum, the Court lacks the information necessary to determine whether the amount in controversy, at the time of removal, exceeds the jurisdictional amount of $75,000.00. It is undisputed that Plaintiff is the master of his claims, see **Gramc**, 3 F.Supp.2d at 1083, however, those claims are that he is a nationally renowned surgeon whose reputation was harmed, his offices closed, his surgeries cancelled, and his expert testimony services decreased by an advertisement briefly aired on network television in the metropolitan area where he worked. His claims also include one for emotional distress and a request for punitive damages.

"'[T]he important issue of whether a federal court has jurisdiction over a lawsuit on a basis of the amount in controversy should be decided on the basis of substance, not gamesmanship.'" **Gilmer**, 915 F.Supp. at 1007 (quoting Bolling v. Union Nat. Life Ins. Co., 900 F.Supp. 400, 404 (M.D. Ala. 1995)) (alteration added). Because such substance is

presently lacking, the Court will grant Defendants' unopposed request that it be allowed to conduct discovery limited to the jurisdictional amount question. Such discovery is to be concluded within 30 days of the date of this Order and within 40 days of that date the parties are each to submit a sworn affidavit stating facts that support their relative positions on the question of the jurisdictional amount. The parties are reminded of the extrajudicial communication between counsel concerning the computation of damages required by Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure. Doubts remaining about the propriety of removal following these submissions will be resolved in favor of remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is held in abeyance pending the parties' compliance with this Order.

**IT IS FURTHER ORDERED** that Defendants' motion for oral argument is **DENIED** as moot. [Doc. 11]

**IT IS FINALLY ORDERED** that the Rule 16 conference presently scheduled for March 7, 2002, is removed from the docket to be reset at a later date if necessary.

THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 21ST day of February, 2002.

UNITED STATES DISTRICT COURT -- EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE FOLLOWING INDIVIDUALS ON 02/21/02 by ldreon
               4:02cv107    Denes vs Norris Injury Law

28:1332 Diversity-Libel,Assault,Slander

| Name | Fax |
|---|---|
| Charles Babcock - | Fax: 713-752-4221 |
| Nancy Hamilton - | Fax: 713-752-4221 |
| Joseph Martineau - 3759 | Fax: 314-241-6056 |
| Charles Seigel - 20113 | Fax: 314-726-5809 |
| Michael Wolff - 4740 | Fax: 314-726-5809 |

SCANNED & FAXED BY:

FEB 21 '02

DJO